**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

JOHN E. SMITH,

                Petitioner,

                              Civ. No. 9:01-CV-0326
                                  (LEK/DEP)

JOHN BEAVER,

                Respondent.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|

JOHN E. SMITH
Petitioner, *pro se*
85-C-0329
Wende Correctional Facility
3622 Wende Road
P.O. Box 1187
Alden, NY 14004-1187

**LAWRENCE E. KAHN
UNITED STATES DISTRICT JUDGE**

## ORDER

Petitioner, *pro se* John E. Smith commenced this action on March 7, 2001. On April 26, 2001, this Court issued an order which, *inter alia*, directed Smith to file an amended petition if he wished to proceed with this action. Dkt. No. 3. Petitioner subsequently filed that pleading with the Court (Dkt. No. 6), which was then referred to Magistrate Judge David E. Peebles for review.[1]

On October 17, 2001, Magistrate Judge Peebles issued an order in which

---

[1] Smith attached a memorandum of law in support of his amended habeas petition to that pleading. *See* attachment to Dkt. No. 6 ("Supporting Mem.").

he concluded that this was the second habeas corpus petition filed by Smith relating to his conviction in Onondaga County Court on March 25, 1985. *See* Dkt. No. 7 at p. 2 ("October, 2001 Order"). Magistrate Judge Peebles therefore transferred this action to the Second Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A) so that such court could determine whether petitioner could properly maintain a second or successive habeas application challenging his March, 1985 conviction in this District. *See* October, 2001 Order at pp. 2-3 (citing 28 U.S.C. § 2244(b)(3)(A); *Liriano v. United States*, 95 F.3d 119, 123 (2d Cir. 1996)).

On May 7, 2002, the Second Circuit issued a Mandate in this action in which it directed this Court to:

> obtain archived records and conduct additional investigation as to whether petitioner's present § 2254 petition is in fact a second petition within the meaning of the Antiterrorism and Effective Death Penalty Act, Pub.L. No. 104-132, 110 Stat. 1214 (1996) (the "AEDPA"). See Thomas v. Superintendent/Woodbourne Correctional Facility, 136 F.3d 227 (2d Cir. 1997). "In doing so, the district court should determine whether the prior petition was dismissed with prejudice and whether the instant petition attacks the same judgment that was attacked in the prior petition." Id. at 229.

*See* Mandate (5/7/02) (Dkt. No. 10) ("Mandate").

In accordance with the Second Circuit's Mandate, this Court has obtained and reviewed the official file created in conjunction with *Smith v. Walker*, 90-CV-

0679 (CGC)(DNH) ("90-CV-0679").[2]  That review has satisfied this Court that the amended petition filed by Smith in the present action attacks the same judgment that was challenged in 90-CV-0679.  Specifically, both petitions refer to a judgment of conviction rendered against Smith in Onondaga County Court in the spring of 1985.  *Compare* Dkt. No. 6 at ¶ 2 *with* Dkt. No. 12 at ¶ 2.[3]  Additionally, although Smith claimed in his prior petition that he was challenging convictions for the crimes of second degree murder and criminal possession of a weapon, *see* Dkt. No. 12 at ¶ 4, then-Magistrate Judge David N. Hurd noted in his Report-Recommendation relating to that petition that Smith was in fact convicted of second degree murder and first degree perjury.[4]  *See* Report-Recommendation of then-Magistrate Hurd (6/20/91) (Dkt. No. 14) ("June, 1991

---

[2]   In light of the fact that this Court has referred to several of the documents filed in 90-CV-0679 in the present Order, this Court directed the Clerk to docket in the present action certain documents that had been previously filed in 90-CV-0679.

[3]   Smith claims in his amended petition that he was convicted on March 25, 1985.  *See* Dkt. No. 6 at ¶ 2.  Although he claimed in his prior petition that he was convicted on April 23, 1985, *see* Dkt. No. 12 at ¶ 2, in opposing that application, the Attorney General for the State of New York noted that the jury returned a guilty verdict relating to Smith on March 25, 1985, the same date referenced by Smith in the present action.  *See* Dkt. No. 13 at p. 4.

[4]   The "Inmate Information Database" provided on the Internet by the New York State Department of Correctional Services ("DOCS") indicates that Smith is currently in the custody of DOCS for the crimes of second degree murder and first degree perjury. Available at: http://nysdocslookup.docs.state.ny.us/GCA00P00/WIQ3/WINQ130.

Report-Recommendation") at p.2 & n.2.[5] In the present action, petitioner similarly challenges convictions for the crimes of second degree murder and first degree perjury. Dkt. No. 6 at ¶ 4. Moreover, the aggregate sentence imposed on Smith for the crimes challenged in 90-CV-0679 (twenty-eight and one-half to thirty-two years imprisonment) is identical to the sentence petitioner challenges in the present action. *Compare* Dkt. No. 6 at ¶ 3 *with* Dkt. No. 14 at p. 2.

Furthermore, the indictment number challenged by Smith in 90-CV-0679 was 84-316, *see* Dkt. No. 13 at p. 2, which is the same indictment number referenced in documents Smith has attached to the memorandum of law he filed in support of his amended petition in this action. *See* Supporting Mem. at attached (unnumbered) pp. 1 (trial court noting that Smith was charged in Indictment No. 84-316-1 with murder in the second degree and first degree perjury), 2 (letter from Smith to Onondaga County Court referencing Indictment No. 84-361) and 6 (Order of Appellate Division dated August 9, 2000 denying leave application filed by Smith in conjunction with Indictment No. 84-316-1).

Finally, Smith himself candidly admits in documents he filed in this action that he previously filed a petition for a writ of habeas corpus that was denied in this District. *See* Dkt. No. 6 at ¶ 12; Supporting Mem. at pp. 3, 14 and 20.

Since the present action attacks the same judgment of conviction that was

---

[5] Although the Report-Recommendation was signed by then-Magistrate Judge Hurd on June 20, 1991, it was not filed by the Clerk until July 3, 1991. *See* June, 1991 Report-Recommendation.

the subject of the petition Smith filed in 90-CV-0679, this Court must next determine whether that prior action was dismissed with prejudice. *See* Mandate at 1 (citing *Thomas*, 136 F.3d at 229).

In his June, 1991 Report-Recommendation, then-Magistrate Judge Hurd found no merit in either of the grounds Smith asserted in the petition filed in 90-CV-0679. *See* June, 1991 Report-Recommendation at pp. 5-13. That recommendation addressed the merits of petitioner's claims. *Id.* United States District Judge Con. G. Cholakis subsequently adopted that Report-Recommendation, and dismissed Smith's petition, by order filed on September 26, 1991. Dkt. No. 15.

Since the amended petition filed in the present action challenges the same convictions that were challenged in the petition filed in 90-CV-0679, and that prior petition was dismissed on the merits, this Court reaffirms Magistrate Judge Peebles' prior finding that the present action is a "second or successive" habeas petition. *See* Dkt. No. 7 at p. 2; *see also Thomas*, 136 F.3d at 229; *Vasquez v. Parrott*, 318 F.3d 387, 389-90 (2d Cir. 2003); *James v. Walsh*, 308 F.3d 162, 167-68 (2d Cir. 2002); *Graham v. Costello*, 299 F.3d 129, 133-34 (2d Cir. 2002). This Court therefore transfers this matter to the Second Circuit so that such court may determine whether Smith may properly litigate the present matter in this District. *See Torres v. Senkowski*, 316 F.3d 147, 151 (2d Cir. 2003) (citing *Corrao v. United States*, 152 F.3d 188, 190-91 (2d Cir. 1998);

5

*Liriano*, 95 F.3d at 123; *Warren v. Munson*, No. 96-CV-1855, 1997 WL 160125, at *1 (N.D.N.Y. Mar. 31, 1997) (Pooler, D.J.) (quoting *Liriano*).

**WHEREFORE**, it is hereby

**ORDERED**, that this action is transferred to the United States Court of Appeals for the Second Circuit for the reasons stated above, and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the petitioner.

**IT IS SO ORDERED**

Dated:   August 04, 2005
         Albany, NY

_____
Lawrence E. Kahn
U.S. District Judge